UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARLENE M. KRIKELIS,

    Plaintiff,

-against-

VASSAR COLLEGE and ARAMARK CORPORATION,

    Defendants.

**COMPLAINT**

ECF Case

**06 CIV. 4203**

**Jury Trial Demanded**

**Judge McMahon**

## INTRODUCTION

1. Plaintiff brings this lawsuit against her employer, Vassar College, alleging discrimination based on sex and disability and retaliation for resisting illegal discrimination, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Americans With Disabilities Act, 42 U.S.C. §12101 and the New York Human Rights Law §296. Plaintiff also sues Aramark Corporation as an aider and abettor pursuant to New York Human Rights Law §296.

## PARTIES

2. Plaintiff Arlene M. Krikelis is a woman residing in Highland, Ulster County, New York.

3. Defendant Vassar College is a private educational institution whose principal address is 124 Raymond Avenue, Poughkeepsie, Dutchess County, New York.

4. Defendant Aramark Corporation is a private corporation which, for the purposes of this lawsuit, was an agent of Vassar College, doing business on its premises.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 & 1343(3) & (4),

42 U.S.C. §2000e and 42 U.S.C. §12101.

6. On or about November 18, 2004, plaintiff timely filed a charge of discrimination with the State Division of Human Rights alleging discrimination on the basis of sex, disability and retaliation for making a lawful complaint of discrimination against both defendants Vassar and Aramark. This suit is timely brought within 90 days of plaintiff's receipt of the Notices of Right to Sue.

7. The events giving rise to this suit occurred in Dutchess County, within this Judicial district.

**FACTUAL ALLEGATIONS**

8. Plaintiff is a woman who is diagnosed as having diabetes and coronary disease, which are disabilities within the meaning of the Americans With Disabilities Act and the New York Human Rights Law.

9. In or about August 1987, plaintiff commenced employment at Vassar as a full-time Kitchen Worker.

10. In or about 1989/1990, Vassar contracted with Aramark to provide food services on its campus.

11. However, plaintiff remained Vassar's employee, working under the supervision of Aramark's Assistant Director of Food Services.

12. In or about 2000, plaintiff had coronary bypass surgery.

13. In or about 2001, plaintiff was promoted to the position of Cook, the only woman to hold that position.

14. In or about May 2004, plaintiff complained to her supervisor that she was being subjected to unwanted sexual touching and harassment by a fellow male employee. Plaintiff asked

for a meeting to resolve the situation but was denied.

15. Thereafter, plaintiff's Aramark supervisor tripled her workload, giving her more work than her male counterparts.

16. In retaliation for her complaints, plaintiff's supervisors refused to accommodate her disability and often required her to work in excess of her capacity.

17. In or about September 2004, plaintiff again complained to Aramark that her supervisor was discriminating against her and threatening her with unwarranted disciplinary actions.

18. Plaintiff also complained of continuing sexual harassment by her co-worker.

19. Aramark's manager told plaintiff that she did not believe her and would not investigate.

20. Plaintiff also complained to Vassar's Human Resource Department with no effect.

21. In September 2004, as a result of continuing harassment and retaliation, plaintiff collapsed at work and was taken to the hospital via ambulance.

22. After plaintiff returned to work, she was required to perform the duties of an Assistant Chef but was paid at the lower Cook's wage rate.

23. As a consequence of plaintiff's complaints, her male co-workers harassed her by hiding and/or taking her tools, removing recipes and otherwise interfering with her ability to perform her job.

24. This co-worker retaliation continued with the knowledge and acquiescence of management at least until early 2006.

25. As a result of defendants' illegal misconduct, plaintiff suffered severe illness, emotional distress, lost wages and benefits and other losses.

**CLAIMS**

26. Plaintiff incorporates the allegations in paragraphs 1-25 as if fully restated herein.

27. Defendants knowingly and willfully violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Americans With Disabilities Act, 42 U.S.C. §12101, and New York Human Rights Law §296 by discriminating against plaintiff on account of her gender and disability and by retaliating against her for making a lawful complaint of discrimination.

WHEREFORE, plaintiff prays that this Honorable Court:

    a. accept jurisdiction over this matter;

    b. empanel a jury to fairly hear and decide this matter;

    c. award to plaintiff back and front pay;

    d. award to plaintiff compensatory damages sustained as a result of defendant's discriminatory practices;

    e. award to plaintiff punitive damages for defendant's wilful and outrageous conduct in violation of her Federally-protected rights; and

    f. award any other relief deemed just and proper.

Dated: May 25, 2006
Chester, New York

Respectfully submitted,

S/ *Helen G. Ullrich*
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff